UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| CHRISTOPHER GERALD SMITH, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 1:17-cv-145-NCC |
| JIMMY SMITH, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Christopher Gerald Smith for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion and assess an initial partial filing fee of $26.16. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $130.83, and an average monthly balance of $81.08. The Court will therefore assess an initial partial filing fee of $26.16, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."

*Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pretrial detainee at the Dunklin County Justice Center in Kennett, Missouri. He brings this action pursuant to 42 U.S.C. § 1983 against Jimmy Smith, Nicole Green, Bob Holder, and the Dunklin County Justice Center. He alleges that "Holder, Smith and Green all violated his First Amendment right of access to the courts by refusing to install an electronic law library, thereby frustrating plaintiff's ability to litigate his pending case and bring a new case." (Docket No. 1 at 3). He states that he "brings a 'Monell' damages policy claim against Dunklin County Justice Center since this is a policy of the jail." *Id.* Plaintiff claims that the jail does not provide the books "'Prisoner's Self Help Litigation Manual,' 'Jailhouse Lawyer's Manual,' etc." *Id.* He states he is proceeding pro se in the case *Smith v. Holder, et al.*, Case No. 1:17-cv-117-RWS (E.D. Mo. Jul. 24, 2017), and "wants to file an Amended Complaint" but "needs access to an electronic law library to conduct the necessary legal research." *Id.* He also states that he "wants to file another lawsuit to challenge the conditions of his confinement, but is being 'frustrated and impeded from doing so because he has no legal materials, case law, etc." (Docket No. 1 at 3).

**Discussion**

Under the First Amendment, the freedom to petition includes the right of access to courts. *See BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 525 (2002). The Due Process clause of the Fourteenth Amendment makes the First Amendment applicable to the states. *Republican Party of Minnesota v. White*, 416 F.3d 738, 748 (8th Cir. 2005) (citations omitted).

3

In *Bounds v. Smith*, the Supreme Court held that the right of access to the courts requires that inmates be provided adequate law libraries or adequate assistance from persons trained in the law. 430 U.S. 817. Following *Bounds*, the Supreme Court held, based on principles of standing, that an inmate alleging a *Bounds* violation must show an actual injury:

> Because Bounds did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary. Insofar as the right vindicated by Bounds is concerned, "meaningful access to the courts is the touchstone," and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.

*Lewis v. Casey*, 518 U.S. 343, 351 (1996) (internal citations omitted).

The Eighth Circuit has recognized that, when bringing an access to courts claim, it is insufficient to merely allege a denial of access to a law library or other resources, even if the denial is systemic. *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (*per curiam*) (citing *Lewis*, 518 U.S. 343). Instead, the plaintiff must plead (and ultimately prove) that the lack of the library or other resource deprived him of some specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action. *Id.* "Absent an articulation of how the alleged wrongful conduct actually blocked [the prisoner's] access to filing a complaint, or caused a filed complaint to be deficient, [the prisoner's] alleged injuries are merely speculative." *Hartsfield v. Nichols*, 511 F.3d 826, 833 (8th Cir. 2008).

In the case at bar, plaintiff fails to allege an actual injury with regard to his pending litigation. He cites the case, *Smith v. Holder, et al.*, Case No. 1:17-cv-117-RWS (E.D. Mo. Jul. 24, 2017) and states, in conclusory fashion, that he cannot file an amended complaint due to the lack of an electronic law library or certain legal books. Plaintiff does not articulate how the alleged deficiencies are blocking his ability to file an amended complaint, nor does he allege that

4

the deficiencies caused his filed complaint to be deficient. In fact, in *Smith v. Holder, et al.*, plaintiff's complaint survived initial review, the defendants were served with process, they answered the complaint, and a case management order was entered. Also, plaintiff has filed multiple motions in the case seeking various forms of relief, which belies his claim that his access to the court has been thwarted. *See Brown v. Voorhies*, 2012 WL 748403, *7 (S.D. Ohio Mar. 8, 2012) ("[t]he sheer number of filings that Plaintiff has been able to muster belies his claim that access to the Court has been thwarted.").

Plaintiff also fails to allege an actual injury with regard to anticipated litigation. Plaintiff does not articulate how the alleged deficiencies are blocking his ability to file another civil rights lawsuit. In addition, the case at bar is the third of four civil rights lawsuits plaintiff has filed since July 2017, while detained at the Dunklin County Justice Center.[1] This litigation history belies plaintiff's conclusory statement that his access to the courts is being thwarted. *See Anderson v. Tallerico*, 2013 WL 3329830, *3 (E.D. Cal. Jul. 1, 2013) ("the sheer number of cases Plaintiff has pending in this Court belies" his claim that his access to the courts was thwarted); *Boone v .Chesney*, 1994 WL 477670, *4 (E.D. Penn. Sep. 2, 1994) ("the sheer number of cases filed within the past year by Boone (3) belies his claim that his access to courts has been infringed."). The Constitution requires access to *courts*, not electronic law libraries or specific legal books, and it is clear that plaintiff has access to the courts.

The Court concludes that plaintiff's alleged injuries regarding his pending case and his anticipated litigation are merely speculative. *See Hartsfield*, 511 F.3d at 833 ("[a]bsent an articulation of how the alleged wrongful conduct actually blocked [the prisoner's] access to filing a complaint, or caused a filed complaint to be deficient, [the prisoner's] alleged injuries are

---

[1] *See Smith v. Holder, et al.*, Case No. 1:17-cv-117-RWS (E.D. Mo. Jul. 24, 2017), *Smith v. Green, et al.*, Case No. 1:17-cv-144-JMB (E.D. Mo. Aug. 28, 2017), and *Smith v. Green, et al.*, Case No. 1:17-cv-154-NAB (E.D. Mo. Sep. 1, 2017).

5

merely speculative."). In setting forth his claims, plaintiff merely pleads legal conclusions and the "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient, *Iqbal*, 556 U.S. at 678, and this Court will not assume facts that plaintiff has not alleged. *See Stone*, 364 F.3d at 914-15. The Court concludes that the complaint fails to state a claim upon which relief can be granted, and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $26.16 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 27th day of November, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE